**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| Tanya R. Frances,<br>    Plaintiff, | CIVIL ACTION<br>NO: |
| v. | JUDGE          , SECTION |
| Berry Contracting, L. P. , doing business as<br>Bay Ltd.,<br>    Defendant. | MAGISTRATE        , DIVISION |

## Complaint for Damages for Unlawful Employment Practices

Plaintiff, Tanya Frances, a person of the full age of majority and a resident of Ascension Parish, for her Complaint in this action, alleges as follows:

1.    Plaintiff brings this action for damages to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment and retaliation against Plaintiff because of her race and/or sex and age and because of her complaints about such unlawful discrimination, harassment and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII") and Section 1981 of the Civil Rights Act of 1866 (hereinafter "Section 1981") and the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA").

2.    Made defendant herein is:

    a.    Berry Contracting, L. P. , doing business as Bay Ltd. , hereinafter "Defendant" or "Berry Contracting", a Texas limited partnership with its registered principal business office in Texas, and its registered principle business establishment in Louisiana in Baton Rouge, which at all times material to this matter was doing business in Destrehan, in the Parish of St. Charles, Louisiana. At all relevant times, Defendant met the definition of an "employer" under all applicable statutes; and

3.     This Court has jurisdiction over this action pursuant to 28 U. S. C. §§1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's civil rights under Title VII and Section 1981 and the ADEA. Venue in this district is proper pursuant to 28 U. S. C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

4.     Plaintiff has complied with all statutory prerequisites to filing this Complaint.

5.     On or about November 6, 2014, Plaintiff filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") charging Defendant with unlawful discriminatory employment practices for discrimination based on Plaintiff's race and sex and age. On April 20, 2015, Plaintiff filed an Amended Charge of Discrimination with the EEOC charging Defendant with unlawful employment practices for retaliation and stating that she had been discriminated against based on race, sex, and age.

6.     The initial charge was investigated by the EEOC office in Houston. The Amended Charge was investigated by the EEOC office in New Orleans. The Plaintiff did not understand why the Charge and Amended Charge were being investigated by two EEOC offices.

7.     On April 28, 2016, the Houston office of the EEOC issued Plaintiff a notice of right to bring suit in federal district court based on the allegations the initial charge. On May 8, 2017, the New Orleans office of the EEOC issued Plaintiff a notice of right to bring suit in federal district court based on the allegations in the Amended Charge. The Plaintiff did not understand, and still does not understand, why two separate EEOC offices were investigating the Charge and Amended Charge against the same employer for the same alleged discrimination and ultimate retaliation.

8. This action has been filed within ninety (90) days of Plaintiff's receipt of the right-to-sue letter from the New Orleans office of the EEOC.

9. According to the Bay Ltd. website, Berry Contracting is one of many entities that make up the group of Berry companies, which have "offices and operations throughout the U.S., Latin America, Canada, and other International locations". Bay Ltd. is a registered trade name of Defendant and is described on the website as "a full-service multi-discipline construction, fabrication, and maintenance contractor." Plaintiff was employed at Defendant's Destrehan, Louisiana facility.

10. Plaintiff is a 44-year-old black/African American woman who was employed by Defendant in several capacities over a period of seven years – with her last non-interrupted period of employment lasting more than 2 years from October 2012 through her retaliatory discharge in December 2014. She had achieved the position of Safety Representative making $29.50 per hour.

11. Throughout Plaintiff's employment she was singled out by non-black, male employees and supervisors at the facility, who subjected her and other African American employees in her presence to repeated harassment and discrimination. These acts included, but were not limited to, making racial and sexual slurs such as "monkey," "black cheetah," and a "black tail" getting what she deserved and getting sent back to the "field."

12. Despite Plaintiff working competently and diligently as a Safety Representative to the best of her abilities under the circumstances presented, in September 2014, Plaintiff was demoted from Safety Representative to Boilermaker where the demotion reduced her pay by $1.50 per hour. Even though she was given the title of Boilermaker, Plaintiff's job duties were

that of tool-room assistant and fire watch, the position essentially being what the employees referred to as a "field worker."

13. Plaintiff was told her demotion was due to the employer's timekeeper no longer having the money to pay for the number of Safety Representatives at the site.

14. The employer demoted Plaintiff even though there was a younger, white, male Safety Representative with less seniority and without the equivalent safety certificate or qualifications but who was not demoted and who did not receive a pay cut.

15. Plaintiff filed her EEOC charge on November 6, 2014.

16. The employer knew that the Plaintiff was going to file a complaint of discrimination and knew that one was filed.

17. Less than one month after the EEOC charge was filed, Plaintiff was laid off on December 1, 2014 in retaliation for initial charge of discrimination.

18. The other employees' actions created a hostile working environment and interfered with Plaintiff's ability to perform her job.

19. Rather than remedying the discrimination, harassment, and demotion, Defendant terminated her employment after she complained of the unlawful and unfair action to demote under the circumstances where a younger, less senior, less credentialed Safety Representative kept the Safety Representative position and higher pay. Both the demotion and the termination of Plaintiff were adverse employment actions suffered by Plaintiff.

20. The harassment of Plaintiff and the demotion and termination of Plaintiff were overt acts of discrimination and showed a conscious intent to discriminate by Defendant. Additionally, the demotion and termination of Plaintiff were acts of retaliation by Defendant for Plaintiff's complaints of discrimination.

21.     The discrimination and retaliation against plaintiff by co-workers and supervisors during her employment by Defendant caused Plaintiff significant emotional pain, suffering and anguish. Plaintiff was humiliated, stressed, fearful, frustrated, and emotionally traumatized by these actions. She also suffered losses of earnings and benefits due to these actions.

## FIRST CAUSE OF ACTION
### (Discrimination and Harassment in Violation of Section 1981)

22. Plaintiff hereby repeats and re-alleges each and every prior allegation as if fully set forth herein.

23.     Defendant has discriminated against Plaintiff on the basis of her sex (female) and/or race/color (black/African American) and age in violation of Section 1981 by denying her the same terms and conditions of employment available to employees who are not female and/or black/African American and who are younger, including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful harassment.

24.     Defendant has discriminated against Plaintiff on the basis of her sex and/or race/color and age in violation of Section 1981 by creating, fostering, accepting, ratifying, and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of her sex and/or race/color and age.

25.     Defendant has discriminated against Plaintiff on the basis of her sex and/or race/color and age in violation of Section 1981 by demoting Plaintiff and terminating Plaintiff despite the fact that Plaintiff was performing her duties competently under the circumstances and replacing Plaintiff with a younger, white, and male employee.

5

26.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

27.     Defendant's unlawful and discriminatory conduct in violation of Section 1981 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

28.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, namely, the demotion and termination of Plaintiff, Plaintiff has suffered and continues to suffer a loss of wages and benefits, entitling her to an award of back pay and front pay, including benefits, bonuses and pre-judgment interest.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of Section 1981)

29.     Plaintiff hereby repeats and re-alleges each and every prior allegation as if fully set forth herein.

30.     Defendant has retaliated against Plaintiff in violation of Section 1981 for opposing and/or complaining of Defendant's discriminatory practices against her by, inter alia, subjecting Plaintiff to acts of discrimination, harassment and humiliation, demoting Plaintiff, and ultimately terminating her employment.

31.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment,

stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

32.     Defendant's unlawful and retaliatory conduct in violation of Section 1981 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

33.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Section 1981, namely, the demotion and termination of Plaintiff, Plaintiff has suffered and continues to suffer a loss of wages and benefits, entitling her to an award of back pay and front pay, including benefits, bonuses and pre-judgment interest.

## THIRD CAUSE OF ACTION
### (Discrimination and Harassment in Violation of Title VII and ADEA)

34.     Plaintiff hereby repeats and re-alleges each and every prior allegation as if fully set forth herein.

35.     Defendant has discriminated against Plaintiff on the basis of her sex (female) and/or race/color (black/African American) and age in violation of Title VII and the Age Discrimination in Employment Act by denying her the same terms and conditions of employment available to employees who are not female and/or black/African American or as old as her (over 40), including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful harassment.

36.     Defendant has discriminated against Plaintiff on the basis of her sex and/or race/color in violation of Title VII and age in violation of ADEA by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment

that included, among other things, severe and pervasive harassment of Plaintiff because of her sex and/or race/color and age.

37.    Defendant has discriminated against Plaintiff on the basis of her sex and/or race/color and age in violation of Title VII and the ADEA by demoting Plaintiff and terminating Plaintiff despite the fact that Plaintiff was performing her duties competently under the circumstances and replacing Plaintiff with a younger, white, and less qualified male employee.

38.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII and the ADEA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

39.    Defendant's unlawful and discriminatory conduct in violation of Title VII and the ADEA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

40.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII and the ADEA, namely, the demotion and termination of Plaintiff, Plaintiff has suffered and continues to suffer a loss of wages and benefits, entitling her to an award of back pay and front pay, including benefits, bonuses and pre-judgment interest.

## FOURTH CAUSE OF ACTION
### (Retaliation in Violation of Title VII and ADEA)

41.     Plaintiff hereby repeats and re-alleges each and every prior allegation as if fully set forth herein.

42.     Defendant has retaliated against Plaintiff in violation of Title VII and ADEA for opposing and/or complaining of Defendant's discriminatory practices against her by, inter alia, subjecting Plaintiff to acts of discrimination, demoting Plaintiff, and ultimately terminating Plaintiff's employment.

43.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII and ADEA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

44.     Defendant's unlawful and retaliatory conduct in violation of Title VII and ADEA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

45.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII and ADEA, namely, the demotion and termination of Plaintiff, Plaintiff has suffered and continues to suffer a loss of wages and benefits, entitling her to an award of back pay and front pay, including benefits, bonuses and pre-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, for the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States;

B. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including but not limited to, compensation for her mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

E. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

F. An award of punitive damages;

G. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

H. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Respectfully submitted:

Eric R. Nowak (#27025)
Shirin E. Harrell (#27495)
HARRELL & NOWAK, LLC
650 Poydras Street, Suite 2107
New Orleans, Louisiana 70130-6198
Telephone: (504) 522-7885
Facsimile: (504) 528-3131
**Attorneys for Plaintiff**

**Proposed Summons for:**

Berry Contracting, L.P.,
Through its agent for service,
C. T. Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

11